IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02291-BNB

WILLIS ROUSE, and
JAMIE ROUSE,

    Plaintiffs,

v.

BILL RITTER,
COLO. PUBLIC DEFENDERS OFFICE,
DAN BOWEN,
DAVID KAPLAN,
COLO. DISTRICT ATTORNEY DON QUICK,
TED TOW,
JENNIFER RHOADS,
DET. JOHNSON (Westminster Police Dept.),
WELD COUNT D.S.S.,
CHRISTINE BARON,
CAROLYN OLSON,
JACK DAVIS,
GLORIA ROMANANSIK,
SHARON PLENTNER,
WELD COUNTY CITY ATTORNEY JIM POPE,
DENVER COUNTY CITY ATTORNEY, and
MISS COLLINS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 6 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFFS TO FILE SECOND AMENDED COMPLAINT

---

Plaintiffs, Willis Rouse and Jamie Rouse, have filed an amended complaint for money damages. Plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the amended complaint liberally because Plaintiffs are representing themselves. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigants' advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiffs will be directed to file a second amended complaint.

Plaintiffs allege that they have a common-law marriage. Mr. Willis appears to complain that the state continues to classify him as a sex offender, even after the Colorado Court of Appeals' decision in *In re Marriage of J.M.H.*, 143 P.3d 1116 (Colo. Ct. App. 2006), which reversed the Weld County, Colorado, district court's decision that the common-law marriage between Plaintiffs was invalid. Mr. Willis apparently is being required to register as a sex offender because he was convicted in Adams County, Colorado, district court on charges of sexual assault on a child not his or her spouse, and was sentenced to four years of incarceration. He appears to have completed serving his sentence. Ms. Willis complains that the state of Colorado and its employees kidnaped her, held her against her will in group homes and foster homes, and threatened her with the loss of the child she had with Mr. Willis if she tried to contact him, apparently while he was incarcerated. Plaintiffs ask for the appointment of counsel to represent them. The request will be denied as premature.

The second amended complaint Plaintiffs will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiffs are entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed

2

to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The amended complaint Plaintiffs filed fails to contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Fed R. Civ. P. 8(a)(1). The amended complaint also fails to contain a short and plain statement of the claims showing that Plaintiffs are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Plaintiffs fail to allege the personal participation of each named defendant in the acts or events about which they complain. In order for Plaintiffs "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

In addition, Plaintiffs have failed to provide the Court with the address of each named defendant. The Court will be unable to serve the second amended complaint

without addresses for each defendant. *See* Fed. R. Civ. P. 4. Plaintiffs are advised that they must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Finally, although the clerk of the Court will be directed to mail copies of the Court-approved complaint form to each Plaintiff at his or her respective address, Plaintiffs must submit only one, second amended complaint that each of them has signed.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Plaintiffs will be given an opportunity to submit a second amended complaint that complies with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that Plaintiffs request for the appointment of counsel to represent them is denied as premature. It is

FURTHER ORDERED that Plaintiffs file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to each Plaintiff, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Complaint. It is

FURTHER ORDERED that, although the clerk of the Court is being directed to mail copies of the Court-approved complaint form to each Plaintiff at his or her respective address, Plaintiffs must submit only one, second amended complaint that each of them has signed. It is

FURTHER ORDERED that Plaintiffs provide the Court with the address of each named defendant and submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Plaintiffs fail to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED January 16, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02291-BNB

Jamie Willis
4865 W. 10th Ave.
Denver, CO 80204

Willis Rouse
6610 S. Foresthill
Littleton, CO 80120

    I hereby certify that I have mailed a copy of the **ORDER and a copy of the Complaint Form** to the above-named individuals on 1/16/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk