IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02291-BNB

WILLIS ROUSE, and
JAMIE ROUSE,

    Plaintiffs,

v.

BILL RITTER,
COLO. PUBLIC DEFENDERS OFFICE,
DAN BOWEN,
DAVID KAPLAN,
COLO. DISTRICT ATTORNEY DON QUICK,
TED TOW,
JENNIFER RHOADS,
DET. JOHNSON (Westminster Police Dept.),
WELD COUNTY D.S.S.,
CHRISTINE BARON,
CAROLYN OLSON,
JACK DAVIS,
GLORIA ROMANANSIK,
SHARON PLENTNER,
WELD COUNTY CITY [sic] ATTORNEY JIM POPE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 10 2008

GREGORY C. LANGHAM
                CLERK

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiffs, Willis Rouse and Jamie Rouse, filed an amended complaint for money damages. Plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). On January 16, 2008, Magistrate Judge Boyd N. Boland ordered Plaintiffs to file within thirty days a second amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and

that provided the address of each named Defendant. Magistrate Judge Boland also ordered Plaintiffs to provide sufficient copies of the second amended complaint to allow the Court to serve each named Defendant. On March 13, 2008, after being granted an extension of time, Plaintiffs submitted their second amended complaint, which they concede is substantially a resubmission of their amended complaint, supplemented by the addresses of each named Defendant and allegations of the personal participation of each named Defendant. Plaintiffs also submitted service copies of the second amended.

The Court must construe the second amended complaint liberally because Plaintiffs are representing themselves. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigants' advocate. *Hall*, 935 F.2d at 1110. Because Plaintiffs allege "constitutional civil violations" as the basis for the Court's jurisdiction, *see* second amended complaint at 2, the second amended complaint will be construed liberally as a civil rights complaint asserted pursuant to 42 U.S.C. § 1983 (2006). For the reasons stated below, the second amended complaint will be dismissed in part.

Plaintiffs allege that they have a common-law marriage. Mr. Willis complains that the state continues to classify him as a sex offender, even after the Colorado Court of Appeals' decision in *In re Marriage of J.M.H.*, 143 P.3d 1116 (Colo. Ct. App. 2006), which reversed the Weld County, Colorado, district court's decision that the common-law marriage between Plaintiffs was invalid. Mr. Willis apparently is being required to register as a sex offender because he was convicted in Adams County, Colorado, district court on charges of sexual assault on a child not his or her spouse, and was

sentenced to four years of incarceration. He alleges that he has completed serving his sentence. Mrs. Willis complains that the state of Colorado and its employees "kidnapped" her, "held her against her will" in group and foster homes, and threatened her with the loss of the child she had with Mr. Willis if she tried to contact him, apparently while he was incarcerated. Second amended complaint at 1-2.

Mr. Rouse's claims are asserted against Bill Ritter, the governor of the state of Colorado, for not releasing Mr. Rouse from incarceration and for not stopping the state from requiring Mr. Rouse to register as a sex offender; the Office of the Public Defender and Dan Bowen and David Kaplan, two of its public defenders who represented Mr. Rouse in his criminal case; Don Quick, Ted Tow, and Jennifer Rhoads, the three state district and deputy district attorneys who prosecuted him; and Detective Johnson, the Westminster Police Department who filed criminal charges against him with the Adams County district attorney's office.

Mrs. Rouse's claims are asserted against the Weld County Department of Social Services and Christine Baron, Carolyn Olson, Jack Davis, Gloria Romanansik, and Sharon Plentner, five of its employees, for attempting to annul Plaintiffs' marriage and for placing Mrs. Rouse in group and foster homes, and the Weld County attorney for filing motions to annul Plaintiffs' marriage. Plaintiffs again ask for the appointment of counsel to represent them. The renewed request will be denied as premature.

As relief, Plaintiffs ask for money damages for Mr. Rouse's incarceration and continued classification as a sex offender, and for Mrs. Rouse's placement in group and foster homes. They also ask for this Court to order the state employees "to allow this family to be a family and to seize the registration." *See* second amended complaint at

6. It is not clear whether Plaintiffs are asking the Court to "seize the registration" of Mr. Rouse as a sex offender.

In any case, Plaintiffs may not recover damages for the claims Mr. Rouse asserts because those claims challenge the validity of his conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Mr. Rouse does not allege, and nothing in the Court's file indicates, that he has invalidated his state court conviction and sentence. Therefore, Mr. Rouse's claims for damages are barred by *Heck*, and will be dismissed. The dismissal of Mr. Rouse's claims will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Because Mr. Rouse does not allege that he has invalidated his state court conviction and sentence, he also fails in his attack on his sex-offender classification, which resulted from his Adams County conviction on sexual-assault charges. Mr. Rouse and the parties named as Defendants for his claims will be dismissed as parties to this action. Mrs. Rouse's claims against the remaining Defendants will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the second amended complaint is construed liberally as a civil rights complaint asserted pursuant to 42 U.S.C. § 1983. It is

FURTHER ORDERED that the second amended complaint is dismissed in part without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that Plaintiff, Willis Rouse, is dismissed as a Plaintiff. The clerk of the Court is directed to remove his name as a party to this action. It is

FURTHER ORDERED that the claims against Defendants Bill Ritter, the Colorado Public Defender's Office, Dan Bowen, David Kaplan, Colorado District Attorney Don Quick, Ted Tow, Jennifer Rhoads, and Detective Johnson of the Westminster Police Department are dismissed. It is

FURTHER ORDERED that the clerk of the Court is directed to remove the names of Defendants Bill Ritter, the Colorado Public Defender's Office, Dan Bowen, David Kaplan, Colorado District Attorney Don Quick, Ted Tow, Jennifer Rhoads, and Detective Johnson as parties to this action. The only remaining Defendants are Weld County Department of Social Services, Christine Baron, Carolyn Olson, Jack Davis, Gloria Romanansik, Sharon Plentner, and Weld County Attorney Jim Pope. It is

FURTHER ORDERED that Plaintiffs' renewed request for the appointment of counsel to represent them is denied as premature.

DATED at Denver, Colorado, this 9 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02291-BNB

Willis Rouse
6610 S. Forresthill Street
Littleton, CO 80720

Jamie Rouse
4865 W. 10th Avenue
Denver, CO 80204

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4-10-08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk